J. S58039/18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA

          v.               :

                                   :

CHRISTOPHER DOUGLASS,        :        No. 729 WDA 2018

                                   :

        Appellant      :

Appeal from the Judgment of Sentence, November 1, 2016,
in the Court of Common Pleas of Venango County
Criminal Division at Nos. CP-61-CR-0000196-2016,
CP-61-CR-0000197-2016

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       FILED FEBRUARY 04, 2019

Christopher Douglass appeals from the November 1, 2016 judgment of sentence of the Court of Common Pleas of Venango County after he pled guilty to 21 counts of sexual abuse of children, possession of child pornography, criminal use of a communication facility, and indecent assault of a person with a mental disability.[1]  Appellant received an aggregate sentence of 45 months to 35 years of imprisonment.  Matthew C. Parson, Esq. ("Attorney Parson"), has filed an application to withdraw, alleging that the appeal is frivolous,

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), 7512(a), and 3126(a)(6), respectively.

accompanied by an Anders brief.[2]  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The relevant factual background and procedural history as found by the trial court is as follows:

> On July 25, 2016, [appellant] entered into a negotiated guilty plea in which the Commonwealth nolle prossed the remaining counts at criminal docket numbers 196-2016 and 197-2016 in exchange for his pleading guilty to the following counts:  at 196-20[1]6, Counts One through Twenty-one-Distribution of Photos/Videos of Child Sex Acts, all violations of 18 Pa.C.S.A. § 6312(c), Count Twenty-two-Possession of Child Pornography, in violation of 18 Pa.C.S.A. § 6312(d); and Count Twenty-three-Criminal Use of a Communication Facility, a violation of 18 Pa.C.S.A. § 7512(a).  At docket number 197-2016, [appellant] pled guilty to Count Three-Indecent Assault/Person with Mental Disability, in violation of 18 Pa.C.S.A. § 3126(a)(6).
>
> On November 11, 2016, [appellant] was sentenced at docket number 196-2016, at Counts One to Twenty-one, to a term of incarceration of one (1) to ten (10) years, at Count Twenty-two to a term of incarceration of one (1) to ten (10) years, and at Count Twenty-three to a term of incarceration of nine (9) to (24) twenty-four months.  That same day, [appellant] was sentenced at Count Three of docket number 197-2016 to a term of incarceration of nine (9) months to five (5) years.  In our November 1, 2016 Sentence Order[,] we indicated the following as to the above-cited sentences:
>
>> The sentence imposed at C.R. 196-2016 on counts 1, 2, and 3 are intended to run consecutive to each other.  Counts 4 through 22 are intended to run concurrent

---

[2] See Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

> with each other and concurrent with the sentence imposed at Count 3. The sentence imposed at Count 23 is intended to run concurrent with the sentence imposed at Count 3. The sentence imposed at C.R. 197-2016, Count 3, is intended to run consecutive to the sentence imposed at Count 3 of C.R. 196-2016 for a total aggregate sentence of three (3) years, nine (9) months minimum to a maximum of thirty-five (35) years.
>
> 11/1/2016 Sentencing Order.
>
> On November 9, 2016, [appellant] filed a timely post-sentence motion, which was subsequently denied by this Court on November 17 of the same year. On October 11, 2017, [appellant] filed a PCRA petition with this Court and [Attorney Parson] was appointed by Order dated October 16, 2017. On April 16, 2018, a PCRA hearing was held, and on April 17th, this Court ordered that [appellant's] appellate rights be reinstated. On April 26, 2018, [appellant] filed his Notice of Appeal with the Superior Court and thereafter received notice from this Court directing compliance with Pa.R.A.P. 1925. [Appellant] filed his Concise Statement on May 7, 2018.[3]

Trial court opinion, 5/17/18 at 1-2.

Appellant raises the following issue for this court's review: "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered an excessive sentence[?]" (Appellant's brief at 5.)

---

[3] The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 17, 2018.

On July 9, 2018, Attorney Parson filed in this court a petition for leave to withdraw as counsel, because he found the appeal to be "wholly frivolous." (Petition for leave to withdraw as counsel, 7/9/18 at 1, ¶ 3 (emphasis in original).) On July 9, 2018, Attorney Parson filed an Anders brief. This court denied the petition to withdraw due to deficiencies in the petition and Attorney Parson's failure to comply with Anders as it was not clear that he sent a complete brief to appellant.

When this court denied the petition to withdraw, we remanded the case to the trial court with instruction to counsel to file either a compliant Anders/Santiago brief and an accurate petition to withdraw as counsel or an advocate's brief within 30 days of the date of this court's memorandum. Attorney Parson filed a new petition for leave to withdraw as counsel and a timely Anders brief on November 21, 2018.

> A request by appointed counsel to withdraw pursuant to Anders and Santiago gives rise to certain requirements and obligations, for both appointed counsel and this Court. Commonwealth v. Flowers, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an Anders appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. Commonwealth v. Woods, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
> >
> > > Direct appeal counsel seeking to withdraw under Anders

must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise additional points worthy of the Court's attention.

Woods, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise requirements of an Anders brief:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is

> frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Santiago, 978 A.2d at 361.

> Id. at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Id. at 1248. In so doing, we review not only the issues identified by appointed counsel in the Anders brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." Id.

Commonwealth v. Hankerson, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Regarding the requirements of Anders, Attorney Parson has filed a petition that avers that, after a conscientious examination of the record, he finds the appeal to be wholly frivolous. He has also filed a brief that attempts to set forth the issues that might arguably support the appeal. He identifies the issue in the statement of questions involved in the brief as: "Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered an excessive sentence[?]" (Anders brief at 5.) The body of the argument section of the brief addresses the issue contained in the statement of questions involved, so the issue set forth in the brief complies

with Anders. A review of the record reveals that Attorney Parson complied with the requirements of Anders concerning notification.[4]

With respect to the requirements of Santiago, Attorney Parson has provided a summary of the procedural history and facts. He has also set forth his conclusion that the appeal is frivolous. Attorney Parson reaches this conclusion because the trial court imposition of standard range minimum sentences and maximum sentences at the statutory limit does not constitute an abuse of discretion.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Santiago, 978 A.2d at 355 n.5. As Attorney Parson has fulfilled the requirements of Santiago, we now turn to the merits of appellant's appeal.

The possible issue raised in the brief is that the trial court erred as a matter of law or abused its discretion when it ordered an excessive sentence.

---

[4] In Paragraph 3 of the petition to withdraw, Attorney Parson refers to the sentence order of 45 months to 36 years. A review of the record reveals that the Sentence Order filed on November 4, 2016, states that the aggregate sentence is 3 years 9 months to 35 years as opposed to the 36 years listed in the petition. (Sentence order, 11/4/16 at 3-4.) In addition, Attorney Parson identifies appellant in the caption of the petition as "Chrisopher Douglas." (Petition for leave to withdraw as counsel, 11/19/18 at 1.) The record clearly states that appellant's name is "Christopher Douglass." While these two errors are not substantive, Attorney Parson should submit an accurate petition.

In reviewing the record, the trial court had the benefit of a pre-sentence investigation report when it imposed the sentence on appellant. The trial court imposed minimum sentences within the sentencing guidelines. The trial court imposed statutory maximums. However, many of the counts ran concurrent to one another such that the aggregate maximum sentence totaled 35 years. The trial court explained the basis for the sentence: "My sentence is based on the conduct. My sentence is based on the conduct since this has occurred, the plea and everything that is in front of me and in considering everything that is presented in the presentence investigation." (Notes of testimony, 11/1/16 at 24.)

Attorney Parson states correctly that a discretionary aspect of sentencing can only be overturned if the sentencing court abused its discretion. See Commonwealth v. Raybuck, 915 A.2d 212 (Pa.Super. 2000).

We note that:

> Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Clever, 576 A.2d 1108, 1110 (Pa.Super. 1990) (citations omitted).

Here, the trial court explained its reasoning behind the sentence, the sentence was within the standard range for minimum sentences, and no sentence exceeded the statutory maximum. There is nothing the record that suggests the sentence was either excessive or unreasonable.

> Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. See Commonwealth v. Cruz-Centeno, 447 Pa.Super. 98, 668 A.2d 536 (1995), appeal denied, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010).

Attorney Parson is correct when he determined the issue on appeal was frivolous. This court agrees with Attorney Parson that the trial court did not commit a manifest abuse of discretion.

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

J. S58039/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2019